UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> AMERICAN INDUSTRIAL SALES ) <br> CORP. d/b/a RAK INDUSTRIES, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br><br> COMPLAINT AND <br> JURY TRIAL DEMAND <br><br> **06 CV 6426T(Fe)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex as well as constructive discharge and retaliation by American Industrial Sales Corp. d/b/a RAK Industries, Inc. (hereinafter "RAK"), and to make whole Ashlea Crawford (hereinafter "Crawford" or "Charging Party") and other similarly situated women affected by Defendant's discriminatory practices. As alleged in greater detail in paragraph 7 below, defendant subjected Charging Party and other similarly situated women to discrimination on the basis of sex that included, but was not limited to: creating and failing to remedy a hostile work environment on the basis of sex, constructive discharge, and retaliation.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, RAK Industries has continuously been a New York corporation doing business in the State of New York, and has continuously had at least 15 employees.

5. At all relevant times, RAK has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2003, Defendant has engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S. C. §2000 e- (a) and (b). These practices included, but are not limited to, the following:

    a) Defendant's owner, president and vice president subjected Crawford and a class of other similarly situated women employed in Defendant's Rochester, NY and Las Vegas, NV locations to offensive, sexually harassing conduct including, but not limited to, unwanted

and inappropriate touching, sexual advances, sexual comments, express or implied demands for sexual favors and/or romantic relationship in exchange for an employment related benefit or to avoid some employment related detriment, and other unwelcome and offensive conduct, which created a sexually hostile work environment.

      b)     Despite complaints of the unlawful conduct by Crawford and other similarly situated individuals, Defendant failed to take appropriate remedial action. Defendant also took adverse actions against similarly situated individuals who complained about the unlawful conduct which included but was not limited to termination of employment.

      c)     Crawford and other similarly situated individuals were constructively discharged by being forced to leave their employment in the context of unbearable unlawful discrimination that was created and remained un-remedied by Defendant.

      8.     Defendant's practices complained of in paragraph 7 above deprived Crawford and other similarly situated individuals of equal employment opportunities and otherwise adversely affected their employment because of their sex.

      9.     Defendant's unlawful employment practices complained of in paragraph 7 above were intentional.

      10.    Defendant's unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Crawford and other similarly situated women.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, it's officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex;

    B.    Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for employees, and which eradicate the effects of Defendant's past and present unlawful employment practices, including training of all employees and counseling for those found to have sexually harassed employees;

    C.    Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary including re-instatement to eradicate the effects of Defendants' unlawful employment practices;

    D.    Order Defendant to make whole all of those individuals adversely affected by the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

    E.    Order Defendant to pay all those individuals adversely affected by the unlawful employment practices described above punitive damages for their malicious and/or reckless conduct in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper.

    G.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: Boston, Massachusetts
August 22, 2006

    Respectfully submitted,

        Ronald S. Cooper
        General Counsel

        James Lee
        Deputy General Counsel

        Gwendolyn Y. Reams
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        _____
        Elizabeth Grossman
        Regional Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        New York District Office
        33 Whitehall St., 5th Floor
        NY, NY 10004-2112
        Tel: (212) 336-3696
        Fax: (212) 336-3623
        Elizabeth.Grossman@eeoc.gov

        _____
        R. Liliana Palacios-Baldwin
        Senior Trial Attorney (MA BBO 640786)
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Boston Area Office
        John F. Kennedy Federal Building
        Room 475
        Boston, MA 02203-0506
        Tel: (617) 565-3188
        Fax: (617) 565-3196
        Rosa.palacios@eeoc.gov